UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER JAMES DODSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:21-cv-00705 |
| DUSTY RHODES, *et al.*, | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Christopher James Dodson, an inmate of the Robertson County Jail in Springfield, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Williamson County Sheriff Dusty Rhodes, Williamson County Lt. f/n/u Yoker, and Williamson County Sgt. f/n/u Gray, alleging violations of Plaintiff's constitutional rights while he was an inmate of the Williamson County Jail. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that Plaintiff previously was an inmate of the Williamson County Jail in Franklin, Tennessee. On an unspecified date prior to November 2020, Plaintiff appeared before the disciplinary board ("D-Board") and "was found guilty." (Doc. No. 1 at 2). As a result, he was placed in segregation for an unspecified number of days. While in segregation, Plaintiff "caught additional write-ups" for which he was never provided written notice of the disciplinary violation or a D-Board hearing. (Id.)

Additionally, the complaint alleges that, in November 2020, Plaintiff was "written up" and scheduled to appear before the disciplinary board ("D-Board"). (Id.) However, Ms. f/n/u Jones told Plaintiff that "per Sheriff Rhodes" Plaintiff would not be attending the D-Board meeting. (Id.) Plaintiff believes he was deprived his due process rights.

Plaintiff seeks $1,000 per day for every day he was in segregation and for the demotion of Defendants Yoker and Gray. (Id. at 3).

3

Case 3:21-cv-00705   Document 7   Filed 10/28/21   Page 3 of 8 PageID #: 19

## IV. Analysis

The complaint alleges that Defendants violated Plaintiff's due process rights by placing him in segregation, failing to provide him with written notices of his disciplinary violations, and failing to allow him to attend his D-Board hearings.

First, inmates do not have a liberty interest in freedom from segregation. Miller v. Campbell, 108 F. Supp.2d 960, 963 (W.D. Tenn. 2000) (citations omitted). The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. See Meachum v. Fano, 427 U.S. 215, 225 (1976). In Sandin v. Conner, 515 U.S. 472 (1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause. Id. at 484. According to the Sandin Court, a prisoner is entitled to the protections of due process only when a deprivation "will inevitably affect the duration of his sentence" or will impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 486-87; see also Jones v. Baker, 155 F.3d 810, 812 (6th Cir. 1998); Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir. 1995).

Confinement in segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." Hewitt v. Helms, 459 U.S. 460, 467-73 (1983). Thus, it is considered atypical and significant only in "extreme circumstances." Joseph v. Curtin, 410 Fed. App'x 865, 868 (6th Cir. 2010). Generally, courts will consider the nature and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." Harden–Bey v. Rutter, 524 F.3d 789, 794 (6th Cir. 2008).

With regard to the nature of Plaintiff's stay in segregation, there are no allegations in the complaint concerning the conditions Plaintiff faced in segregation. In any event, the Constitution

4

does not protect a prisoner from unpleasant prison experiences. Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Nor does the Constitution mandate comfortable conditions of confinement. Rhodes v. Chapman, 452 U.S. 337, 101 S. Ct. 2400, 69 L. Ed. 2d 59 (1981). However, the Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. Grubbs v. Bradley, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir. 1984).

Here, Plaintiff does not claim that he was denied adequate food, clothing, shelter, recreation, or medical care while in segregation. Neither has he alleged any injury or harm as a result of the conditions of segregation. Without an allegation of injury or harm, Plaintiff does not state a viable Eighth Amendment claim. See Moore v. Merchant, No. 5:13CV-P81-R, 2013 WL 6590395, at *4 (W.D. Ky. Dec. 16, 2013) (finding that, "[i]n any event, Merchant does not allege that he was subjected to any physical injury as a result of the actual conditions in the segregated housing unit, and 42 U.S.C. § 1997e(e) precludes any claim by a prisoner 'for mental or emotional injury suffered while in custody without a prior showing of physical injury.'").

With regard to the duration of Plaintiff's confinement in segregation, the Supreme Court concluded in Sandin that the segregation at issue in that case (disciplinary segregation for 30 days) did not impose an atypical and significant hardship. 515 U.S. at 484. Similarly, the Sixth Circuit has held that placement in segregation for a relatively short period of time does not require the protections of due process. See Rimmer-Bey, 62 F.3d at 790-91 ("The plaintiff's placement in administrative segregation was not an atypical and significant hardship, as intended by Sandin, within the context of his life sentence."); Joseph v. Curtin, 410 Fed. App'x. 865, 868 (6th Cir.

5

2010) (61 days in segregation is not atypical and significant). The Sixth Circuit also has held, in specific circumstances, that confinement in segregation for a relatively long period of time does not implicate a liberty interest. See, e.g., Jones, 155 F.3d at 812-23 (two years of segregation while the inmate was investigated for the murder of a prison guard in a riot); Mackey v. Dyke, 111 F.3d 460 (6th Cir. 1997) (one year of segregation following convictions for possession of illegal contraband and assault, including a 117-day delay in reclassification due to prison crowding). But cf. Selby v. Caruso, 734 F.3d 554, 559 (6th Cir. 2013) (13 years of segregation implicates a liberty interest); Harden-Bey, 524 F.3d at 795 (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, *i.e.*, three years without an explanation from prison officials, implicates a liberty interest); Harris v. Caruso, 465 Fed. App'x. 481, 484 (6th Cir. 2012) (eight years of segregation implicates a liberty interest).

The complaint does not state how many days Plaintiff served in segregation. (See Doc. No. 1 at 2) (". . . therefore placing me in segregation for so many days."). Thus, the Court cannot conclude that Plaintiff's stay in segregation for an unknown period of time under unspecified circumstances constitutes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 486-87.

Second, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. at 411, 480 (1972)). Inmates enjoy a narrow set of due process rights when prison authorities institute disciplinary proceedings. See Cleavinger v. Saxner, 474 U.S. 193 (1985) (disciplinary board members protected by qualified immunity); Superintendent v. Hill, 472 U.S. 445, 455–56 (1985) (disciplinary findings satisfy due process if supported by any evidence, however meager); Ponte v. Real, 471 U.S. 491, 495-99

(1985) (disciplinary board need not make contemporaneous record of reasons live witnesses for inmate not allowed); Baxter v. Palmigiano, 425 U.S. 308, 319–323 (1976) (disciplinary board may draw adverse inference from inmate's silence; inmate has no right to cross-examination); Wolff, 418 U.S. 539, 564-71 (defining scope of due process application to prison disciplinary hearings); Wolfel v. Morris, 972 F.2d 712 (6th Cir.1992).

In Wolff v. McDonnell, the Supreme Court held that, when a prisoner is charged with a disciplinary offense that may result in loss of good time credit, due process requires (i) written notice of the charges at least twenty-four hours prior to the hearing; (ii) the opportunity to "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals[;]" and (iii) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action. 418 U.S. 539, 563-64, 566. But these protections are required only when a liberty interest is at stake. See, e.g., Sandin, 515 U.S. at 484, 486-87. "A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" McMillan v. Fielding, 136 Fed. App'x 818, 820 (6th Cir. 2005) (quoting Sandin, 515 U.S. at 484); see Upshaw v. Jones, No. 14-2534-JDT-tmp, 2015 WL 348626, at *4 (W.D. Tenn. Jan. 26, 2015) (finding no violation of inmate's due process rights when corrections officer assigned inmate to segregation as punishment prior to inmate's disciplinary hearing).

Here, the complaint fails to allege that the punishment Plaintiff received, or the consequences he endured, imposed an atypical and significant hardship sufficient to violate due process. See Sandin, 515 U.S. 472, 484-86. The complaint sets forth no facts demonstrating that Plaintiff had a liberty interest in the outcome of the disciplinary hearing, such as a loss of sentence

credit. Even if Plaintiff had a liberty interest, there is no allegation that the disciplinary hearing Plaintiff had was not conducted in accordance with the procedures required by Wolff. The complaint provides no information whatsoever about the hearing Plaintiff received.

Finally, to the extent Plaintiff argues that he has the right to prove his innocence, the disciplinary infractions about which Plaintiff complains are not the equivalent of state or federal criminal charges against Plaintiff. "The constitutional adequacy of these [prison disciplinary] proceedings is not to be measured by the requirements of a criminal prosecution, for the full panoply of procedural due process rights do not apply to the administration of prison discipline." Brooks v. Westbrooks, No. 3:17-cv-00686, 2017 WL 3868275, at *3 (M.D. Tenn. Sept. 5, 2017) (quoting Crafton v. Luttrell, 378 F. Supp. 521, 526 (M.D. Tenn. 1973) (citations omitted)).

In sum, the complaint fails to state due process claims under Section 1983 upon which relief can be granted.

## V. Conclusion

Having conducted the screening required by the PLRA, the Court determines that the complaint fails to state due process claims upon which relief can be granted under Section 1983 against all named Defendants. Therefore, this action is subject to dismissal.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

8

Case 3:21-cv-00705   Document 7   Filed 10/28/21   Page 8 of 8 PageID #: 24